UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| ARTZ, INC. | § | Case No. 10-13441 |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

**UNOPPOSED EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 363 FOR AUTHORITY TO USE, SELL, OR LEASE CASH COLLATERAL IN THE ORDINARY COURSE, PROVIDE ADEQUATE PROTECTION AND FOR PRELIMINARY HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

**ARTZ, INC.,** ("Debtor"), Debtor in the above-styled and referenced case, hereby files this Emergency Motion Pursuant to 11 U.S.C. § 363 for Authority to Use, Sell, or Lease Cash Collateral in the Ordinary Course, Provide Adequate Protection and for Preliminary Hearing (the "Motion") and in support thereof respectfully states the following:

## I. Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference of the United States District Court for the Western District of Texas. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## II. Background

2. Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on December 10, 2010 (the "Petition Date"). Debtor is operating its business and managing its assets as a debtor-in-

possession under Bankruptcy Code §1107 and 1108.  This Court has not appointed a trustee or examiner nor has any official committee been established in this bankruptcy case.

3.      Debtor  Artz Rib House located at 2330 South Lamar, Austin, TX  78704 ("Business").

4.      Debtor is indebted to the following parties who may claim an interest in Cash Collateral: the Internal Revenue Service and the State of Texas.   There are also multiple parties who Debtor believes are not owed any money but have filed UCC1 financing statements which have not been released.

5.      The Debtor believes that the value of its cash, inventory and supplies which could give rise to cash collateral is less than $20,000.

6.      Debtor uses Cash Collateral, namely revenue from the Business, on a daily basis in the ordinary course of its business.  Until a plan of reorganization is confirmed in this case, Debtor must obtain approval for the use of the rents and other income as they are clearly Cash Collateral as to the Internal Revenue Service and the State of Texas.  It is critical for Debtor to have access to its cash and other business property to continue to operate in the ordinary course of business and to pay normal operating expenses.

7.      Debtor cannot meet its ongoing post-petition obligations unless it can use assets that it believes will be claimed as Cash Collateral.  In order to continue operations as normal and to preserve the value of the estate pending confirmation of a plan of reorganization, Debtor needs immediate authority to use the Cash Collateral.

**III.     Arguments and Authorities in Support of Request for Temporary and Final Use of Cash Collateral**

8.      Debtor requires immediate authority from the Court to use the Cash Collateral in the ordinary course of its business and on an interim basis until there is a final hearing on this

Motion.

9.      Debtor requests the authority to use cash collateral to operate its business.

10.     Under 11 U.S.C. §363(c)(2), the Debtor may not use, sell, or lease the Cash Collateral without the Court's authority or consent. Section 363(e) allows the Court to grant this authority upon the provision of adequate protection to the secured parties.

11.     Debtor requires the continued authority to use Cash Collateral beyond the interim period in order to continue its business and to confirm a plan of reorganization as quickly as possible. Debtor's need to use the Cash Collateral will continue during the pendency of this bankruptcy case

12.     Debtor also requests that this Court schedule a hearing for final approval on the use of Cash Collateral, on notice to creditors and parties in interest, in the event an objection is filed to the terms of the interim order.

13.     The immediate and temporary approval for the use of the Cash Collateral is consistent with (i) Bankruptcy Code requirements for maintaining the going concern of a debtor's business operations; (ii) the law under 11 U.S.C. §§ 363 and 361 as to the use of cash collateral and adequate protection; and (iii) facilitating a successful reorganization under chapter 11 of the Bankruptcy Code.

14.     The failure to authorize the immediate use of Cash Collateral on which the secured parties hold liens will result in a swift and significant deterioration of Debtor's business. Failure to gain authority to use, sell, or lease such collateral will result in a cessation of Debtor's business activities, which would expose Debtor to additional liability and would leave unsecured creditors with little hope of distribution in this case.

15.     The Bankruptcy Code contemplates a debtor's use of collateral during the

reorganization of its business. Sections 102(1) and 363 of the Bankruptcy Code provide that collateral may be used upon notice and opportunity for a hearing appropriate in the particular circumstances. Relief may be authorized without an actual hearing if there is insufficient time available and adequate protection has been provided. 11 U.S.C. § 363(e). The combination of Debtor's emergency needs to satisfy pending obligations and current operating needs, together with the provision of adequate protection are sufficient to authorize the interim use of the collateral as set forth herein.

16. Section 361 of the Bankruptcy Code sets forth various types of adequate protection which Debtor may provide:

    (a) making periodic cash payments to the extent that the creditor suffers a decrease in the value of its interest in such property;

    (b) granting replacement liens in collateral to compensate the creditor for any decrease in the value of the creditor's interest in such property; or

    (c) granting other relief as will result in the realization of the indubitable equivalent of the creditor's interest in collateral

17. Debtor believes that the positive cash flow from operation of the Business provide adequate protection to the secured creditors. As additional adequate protection, Debtor proposes to grant replacement liens to the parties with interest in cash collateral to the same extent, priority and validity as their pre-petition liens.

18. Debtor is authorized to represent that the Internal Revenue Service and the State of Texas do not oppose use of cash collateral. Debtor does not have contact information for the UCC1 parties, but does not believe that these parties are owed any money.

## IV. Request for Emergency Hearing

Debtor requests that the Court schedule an emergency hearing on the Motion.

## Prayer

WHEREFORE, Debtor requests that the Court authorize the use, sale, or lease of Cash Collateral on an interim basis and, upon setting and conducting a final hearing, issue a final order authorizing the use, sale, or lease of such cash collateral with the adequate protection to the secured parties as set forth herein; and grant any other and further relief to which Debtor is entitled.

Dated: December 10, 2010.

Respectfully Submitted,

BARRON & NEWBURGER, P.C.

/s/Stephen W. Sather_____
Barbara Barron (SBN 01817300)
Stephen W. Sather (SBN 17657520)
1212 Guadalupe St Ste 104
Austin, Texas 78701-1837
Telephone: (512) 476-9103
Facsimile: (512) 476-9253

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the above document was served by United States Mail, first class, postage prepaid on the 10th day of December 2010, upon the parties on the attached matrix and those listed below:

Bruce Wilpon
District Counsel's Office
300 E. 8th St., Rm. 601
Austin, TX 78701

John Mark Stern
Asst. Atty. Gen.
P.O. Box 12548
Austin, TX 78711-2548

U.S. Trustee
903 San Jacinto, Rm. 230
Austin, TX 78701.

/s/Stephen W. Sather_____
Stephen W. Sather