UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| ARTZ, INC., | § | Case No. 10-13441 |
| d/b/a Artz Rib House | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

## APPLICATION FOR AUTHORITY TO EMPLOY BARRON & NEWBURGER PC AS COUNSEL TO THE DEBTOR

TO THE HONORABLE JUDGE OF SAID COURT:

Artz, Inc. ("Debtor") hereby files this Application for Authority to Employ Barron & Newburger PC ("BNPC") as Counsel to the Debtor (the "Application").

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to grant the Application pursuant to 11 U.S.C. § 327(a).

### Relief Requested

2.      The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on December 10, 2010 ("Petition Date"). Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. This Court has not appointed a trustee or examiner nor has any official committee been established in this bankruptcy case as of the date of the filing of this Application.

3.     Pursuant to 11 U.S.C. § 327(a), the Debtor requests the entry of an order authorizing the employment of BNPC as counsel to the Debtor in this Chapter 11 case.

4.     The Debtor has selected BNPC as counsel because of their extensive experience and knowledge and their established reputation in corporate reorganizations and debt restructurings under chapter 11 of the Bankruptcy Code. The Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent the Debtor's interests in this bankruptcy case.

## Basis for Relief

5.     Section 327(a) of the Bankruptcy Code authorizes a trustee to retain such counsel as necessary to carry out his duties as trustee:

> the trustee, with the court's approval, may employ, one or more attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title.

See 11 U.S.C. § 327(a).

6.     The Debtor seeks to retain BNPC as general counsel. The Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent the Debtor in this case.

7.     The Debtor contemplates that BNPC will render specialized legal services to the Debtor as needed throughout the case. The legal services that BNPC will render to the Debtor may be summarized, in part, as follows: (i) advising the Debtor of its rights, powers, and duties as a debtor-in-possession continuing to manage its assets; (ii) reviewing the nature and validity of claims asserted against the property of the Debtor and advising the Debtor concerning the enforceability of such claims; (iii) preparing on behalf of the Debtor, all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in the chapter 11 case; (iii) advising the Debtor concerning and

preparing responses to, applications, motions, complaints, pleadings, notices, and other papers which may be filed in the chapter 11 case; (iv) counseling the Debtor in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents; (v) performing all other legal services for and on behalf of the Debtor which may be necessary and appropriate in the administration of the chapter 11 case and the Debtor's business; and (vi) working with professionals retained by other parties in interest in this case to attempt to obtain approval of a consensual plan of reorganization for the Debtor. The non-exclusive list of services described above is essential to the Debtor's chapter 11 case.

8.      Subject to the fee application process and this Court's approval, BNPC will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as are in effect on the date services are rendered. The following is a list of BNPC attorneys who will primarily be providing services for the Debtor in connection with this case, as well as their standard hourly rate: (i) Barbara Barron ($375.00 / per hour); (ii) Stephen Sather ( $375.00/ per hour); and (iii) Kevin Bowens ($275.00 per hour, increasing to $300.00 per hour on January 1, 2011). Travel time will be billed at one-half of the full rate unless the attorney is actively working on the case.

9.      The rate of each professional working on this case will be clearly reflected in the invoices and fee applications. BNPC will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

10.      The above-outlined hourly rates are subject to periodic review (generally annually) to reflect changes in the economy, experience, and other factors. To the extent possible, BNPC attempts to observe the prevailing rates for legal services rendered by attorneys of comparable

expertise in similar cases in the relevant jurisdiction. Accordingly, an individual attorney's rates in other cases may be lower or higher than those charged in this engagement, depending on the prevailing rates in the various jurisdictions.

11.　　To the best of the Debtor's knowledge, other than in connection with this chapter 11 case, BNPC has no connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth herein and/or in the Verified Statement of Stephen Sather (the "Sather Statement"), filed pursuant to Federal Rule of Bankruptcy Procedure 2014(a).

12.　　Based on the Sather Statement and the Debtor's knowledge of its business, litigation and relations with creditors and other parties in interest, BNPC does not represent or hold any interest adverse to the Debtor, its estate, creditors, equity security holders, or affiliates in the matters upon which BNPC is to be engaged, and BNPC is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

13.　　BNPC intends to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders entered by this Court with respect to the management of fees and expenses in this case.

14.　　As BNPC provides legal services to the Debtor, BNPC intends to file interim and final fee applications in accordance with the Bankruptcy Code and Bankruptcy Rules, seeking the allowance and payment of BNPC's fees and expenses. BNPC's fees and expenses approved and allowed by this Court will be paid from retainers paid and from the Debtor's cash flow.　　The Debtor has paid a pre-petition retainer to BNPC in the amount of $2,500.00 plus the filing fee of

$1,039.    The Debtor has agreed to pay a post-petition retainer in the amount of $12,500.00 in five payments of $2,500.00 beginning on December 28, 2010 and continuing on the 28th day of the month thereafter until paid in full.

WHEREFORE, the Debtor respectfully requests that the Court (i) authorize the Debtor to employ and retain BNPC to represent it in this chapter 11 case; and (ii) grant the Debtor such other legal and equitable relief to which she is entitled.

Dated: December 10, 2010.

Respectfully submitted,

ARTZ, INC.

By:_____
        Art Blondin, President

## CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing Application was served by first class mail, postage prepaid and properly addressed, on December 10, 2010, to all parties listed on the attached Service List and electronically by the Court's ECF system to all parties registered to receive such service.

/s/Stephen W. Sather_____

Label Matrix for local noticing
0542-1
Case 10-13441-hcm
Western District of Texas
Austin
Fri Dec 10 12:08:19 CST 2010

Artz Inc.
2330 S. Lamar Blvd.
Austin, TX 78704-4727

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

ASCAP
2675 Paces Ferry Rd. SE #350
Atlanta, GA 30339-4087

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

American Express
P.O. Box 650448
Dallas, TX 75265-0448

Anayeli Hernandez
4509 East St. Elmo #7201
Austin, TX 78744-1680

Arthur Blondin
3209 Nancy Gale Dr.
Austin, TX 78735-6919

BMI
P.O.Box 406741
Atlanta, Georgia  30384-6741

Billy Hesson
3707 Manchaca #146
Austin, TX 78704-6710

Bruce Wilpon
IRS General Counsel's Office
301 E. 6th St., Room 601
Austin, TX 78701-3627

CT Lien Solutions
2727 Allen Parkway, Suite 1000
Houston, TX 77019-2120

Citibusiness Card
P.O. Box 6530
The Lakes, NV 88901-0001

City of Austin
PO Box 2267
Austin, Texas 78768-2267

Compass Bank
PO Box 2210
Decatur, AL 35699-0001

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Corporate Service Company
P.O. Box 2909
Springfield, ILL 62708

Cynthia A. Gonzalez
1207 Upland Dr.
Austin, TX 78741-1167

Dan J. Tillia
500 S. Congress Ave. #117
Austin, TX 78704-1702

David J. Lee
515 Krebs Lane #210
Austin, TX 78704-7081

Diligenz, Inc.
6508 Harbor Heights Pkway
Suite 400
Mukilloo, WA  98275

East Poultry
2615 E. 6th St
Austin, TX 78702-3900

Express Meat
9701 Brown Ln. #101
Austin, TX 78754-4028

Express Working Capital
5605 N. MacArthur Blvd., 10th Floor
Irving, TX 75038-2633

Gary Villegas
3707 Manchaca #130
Austin, TX 78704-6709

Helena M. Sutherland
6503 Bluff Springs Rd. #714
Austin, TX 78744-3466

Herberto H. Calvario
2020 South 1st
Austin, TX  78704

Hill Country Dairy's
912 Kramer Ln.
Austin, TX 78758-4305

Hill Refrigeration
2209 S. 1st Street
Austin, Texas 78704-5157

Hugh Crawford
3305 River Ridge Rd.
Austin, TX  78746

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Jacinta Castellanos
4509 E. St. Elmo Rd. #7205
Austin, TX 78744-1680

John Stern
Texas Attorney of General
PO Box 12548
Austin, TX 78711-2548

Jon Emery
1910 Santa Clara, Apt. 1
Austin, TX 78757-2487

Katrina S. Conrad
8725 Keynes Ln.
Austin, TX 78747-3965

Kristen Marcheck
7511 Whispering Winds Dr.
Austin, TX 78745-6029

Mantis Financial LP
9433 FM 2244
Austin, TX 78733-6135

Margaret Gilbreath
2005 Willow St.
Austin, TX 78702-4547

Mary Cam Crawford-Todd
3305 Riva Ridge Road
Austin, TX 78746-1426

Mary Cam Crawford-Todd
3305 Riva Road
Austin, TX 78746-1426

Michael Bammel
1913 Collier
Austin, TX 78704-2823

Nationwide Credit, Inc.
1150 E. University Dr., First Floor
Tempe, AZ  85281-8674

PFG
7801 N. Lamar
Austin, TX 78752-1016

Rebecca Balboa
3106 Walnut Ave.
Austin, TX 78722-1634

Republic National Distributing Co
6511 Tri County Parkway
Schertz, TX 78154-3219

Rewards Network Establishment Services I
2N Riverside Plaza, Suite 950
Chicago, IL 60606-2614

Rick L. Kelly
5104 Greenheart Dr.
Austin, TX 78745-2284

SESAC
SS Music Square East
Nashville, TN  37203

SOS Liquid Waste
P.O. Box 201480
San Antonio, TX 78220-8480

Sarah Baugh
211 W. 55th 1/2 St.
Austin, TX 78751-1230

Schwertner State Bank
110 Main St.
Schwertner, TX  76573

Segovia Produce Co., Inc.
4618 East 7th Street
Austin, TX 78702-5013

Sound Garden
P.O. Box 2028
Woodstock, GA 30188-1372

Sully's Plumbing
15404 Marsha St.
Austin, TX 78728-4705

Texas Gas Service
P.O. Box 219913
Kansas City, MO  64121-9913

Tiburcio J. Villegas
5811 Mojair Dr.
Austin, TX  78745

U.S. Food Service
979 Springdale Rd.
Austin, TX 78702-3700

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

Waste Management
1901 Afton St.
Houston, TX  77055-2203

Wells Fargo
PO Box 29746
Phoenix, AZ 85038-9746

Barbara M. Barron
Barron & Newburger, P.C.
1212 Guadalupe, #104
Austin, TX 78701-1801


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Comptroller of Public Accounts          Internal Revenue Service
Rev. Acctg. Sec.--Bkr Div.              P.O. Box 21126
P.O. Box 13528                          Philadelphia, PA  19114
Austin, TX  78711



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Amy Geragi                  (d)Mantis Financial LP            (u)Teresa Hernandez
unknown                        9433 FM 2244                      unknown
                               Austin, TX 78733-6135



End of Label Matrix
Mailable recipients     60
Bypassed recipients      3
Total                   63

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

In Re: §
§
ARTZ, INC. § Case No. 10-13441
§ (Chapter 11)
Debtor. §
§

## AFFIDAVIT OF PROPOSED ATTORNEYS

**STATE OF TEXAS** §
§
**COUNTY OF TRAVIS** §

BEFORE ME, the undersigned authority, on this day personally appeared Stephen W. Sather, who, after first being duly sworn, upon his oath, deposed and stated as follows:

1.     "I am an attorney licensed to practice in the State of Texas and maintain offices at 1212 Guadalupe, Suite 104, Austin, Texas 78701. I am an attorney with the firm of Barron & Newburger, P.C.

2.     This firm has been engaged to represent Artz, Inc.

3.     I have reviewed the list of creditors in this case and have compared it to the conflicts databases of Barron & Newburger, P.C. and Barron, Newburger & Sinsley, PLLC, a related firm. I have also relied on my own personal knowledge.

4.     I do not have any interest adverse to the Bankruptcy estate set forth above in the matters upon which the firm is to be employed. To the best of my knowledge, I have no connection with the United States Trustee or any person employed at the office of the United States Trustee which would establish an interest adverse to the bankruptcy estate. I reserve the right to supplement this Affidavit if I become aware of any potential conflicts and will notify the Court immediately upon discovery of such information.

5.     Based on my review, I am aware of the following connections which should be disclosed pursuant to Fed.R.Bankr.Pro. 2014:

     a     Debtor:  none

     b     Creditors:

          (i)     American Express is an unsecured creditor.   Barron & Newburger has represented American Express in the past.   Barron, Newburger

& Sinsley, PLLC, a related firm, currently provides consultations to American Express.

(ii)    AT&T is an unsecured creditor. Barron & Newburger has represented several AT&T entities in the past.

(iii)    BMI is an unsecured creditor. Barron & Newburger has represented BMI in the past.

(iv)    The Internal Revenue Service is a secured creditor. Stephen Sather's wife is a seasonal employee at the Internal Revenue Service.

(v)    Nationwide Credit is an unsecured creditor. Barron & Newburger has represented Nationwide Credit in the past.

(vi)    PFG is an unsecured creditor. Barron & Newburger has represented PFG-Victoria in the past.

(vii)    Waste Management is an unsecured creditor. Barron & Newburger has represented Waste Management in the past.

(viii)    Wells Fargo is an unsecured creditor. Barron & Newburger has represented Wells Fargo in the past.

    c.    Other: Anita Edwards, a legal assistant with Barron & Newburger, P.C. is a personal friend of Art Blondin, the President of the Debtor.

    d.    I am not aware of any connections with the U.S. Trustee or any person employed by the U.S. Trustee, except that I worked with Deborah Bynum and Valerie Wenger when they were in private practice.

    e.    No attorneys have entered appearances in this case. As a result, I do not know if the firm or I have connections with any attorneys in this case. It is very likely that attorneys with the firm have had prior dealings with attorneys who may appear in this case. Specifically, the firm has worked with Bruce Wilpon and John Mark Stern on multiple cases.

6.    Based upon the foregoing, I believe that the firm is a disinterested person within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

7.    I declare the above and foregoing to be true and correct under penalty of perjury.

_____
Stephen W. Sather